UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WRITE ON MARKETING, INC., a Wyoming corporation, JOSE SALAZAR, an individual; ARNULFO DIAZ, an individual; and RUDY GOMEZ BRAVO, an individual,<br><br>Defendants. | Case No. 1:18-cv-01703-DAD-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>(Doc. Nos. 30, 32)<br><br>**FOURTEEN-DAY DEADLINE** |

Currently pending before the Court is Plaintiff Freshko Produce Services, Inc.'s ("Plaintiff") motion for attorney's fees. (Doc. Nos. 30, 32.)[1] The motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). (Doc. No. 35.) Following referral, and in the absence of any timely opposition, the matter was taken under submission. (Doc. No. 36.) For the reasons stated below, it is recommended that Plaintiff's motion for attorneys' fees be granted in a modified amount.

---

[1] Plaintiff initially filed a motion for attorneys' fees on June 19, 2019. (Doc. Nos. 30, 31). The motion appears to be incomplete. Plaintiff filed a second motion for attorneys' fees on June 20, 2019, which seeks the same amount and appears to be complete. (Doc. No. 32.) For purposes of resolution, the Court considers only the later-filed motion.

1

## BACKGROUND

Plaintiff commenced this action against Write On Marketing, Inc., Jose Salazar, Arnulfo Diaz, and Rudy Gomez Bravo based on a series of transactions for the sale of perishable agricultural commodities on credit pursuant to a written credit application executed by Defendants. Plaintiff asserted various claims, including causes of action arising under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. 499, *et seq*. (Doc. No. 1.)

After service of the complaint, Defendants failed to file a timely response and the Clerk of Court entered default against each defendant. (Doc. Nos. 9, 11, 13, and 20.)

On May 22, 2019, Plaintiff requested entry of default judgment by the Clerk of the Court for a sum certain pursuant to Federal Rule of Civil Procedure 55(b)(1) on the grounds that defendants failed to answer Plaintiff's duly served complaint. (Doc. No. 21.) The Clerk of the Court entered default judgment against Defendants Write On Marketing, Inc., Jose Salazar, Arnulfo Diaz and Rudy Gomez Bravo for a sum certain on March 23, 2019. (Doc. No. 22.)

Plaintiff filed an incomplete motion for attorneys' fees on June 19, 2019, [Doc. Nos. 30, 31], and comprehensive motion for attorneys' fees on June 20, 2019 [Doc. No. 32]. As indicated above, the Court relies on the later-filed motion for resolution of Plaintiff's request for attorneys' fees. (Doc. No. 32.) Defendants did not file an opposition to the motion or otherwise respond, and the matter has been submitted.

## DISCUSSION

Plaintiff asserted claims in this action arising under PACA. The Ninth Circuit has held that, in addition to the invoice value of unpaid produce, PACA permits a plaintiff to recover prejudgment interest as well as attorney's fees and costs if the contract between the plaintiff and the defendant stated that the defendant would be liable for interest, attorney's fees, and costs. *Johnston Farms v. Yusufov*, No. 1:17-cv-00016-LJO-SKO, 2017 WL 6571527, at *9 (E.D. Cal. Dec. 26, 2017), citing *Middle Mountain Land & Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220, 1224-25 (9th Cir. 2002); *see also Golden W. Veg, Inc. v. Bartley*, No. 16-CV-03718-LHK, 2017 WL 2335602, at *8 (N.D. Cal. May 30, 2017); *Greenfield Fresh, Inc. v. Berti Product-Oakland, Inc.*, No. 14-cv-01096-JSC, 2014 WL 5700695, at *4-5 (N.D. Cal. Nov. 3,

2014) (holding that a PACA plaintiff was entitled to prejudgment interest, attorney's fees, and costs based on the contract between the plaintiff and the defendant).

In this case, the "credit application" at issue states that the signatory "agrees to pay a reasonable attorney's fee and all other costs and expenses incurred in collection of any obligation of the undersigned pursuant hereto." (Doc. No. 32-2, Exhibit A to Declaration of Kurt F. Vote.) That language is sufficient to support Plaintiff's request for attorneys' fees. *Johnston Farms*, 2017 WL 6571527, at *11; *Golden W. Veg*, 2017 WL 2335602, at *9. California law, to the extent it is relevant due to Plaintiff's assertion of state law contract claims in the complaint, also permits attorneys' fees to be awarded where permitted by contract to the "prevailing party" on a claim to enforce the contract. Cal. Civ. Code § 1717. The Court therefore finds that Defendants are liable for Plaintiff's reasonable attorneys' fees.

To determine a reasonable attorneys' fee, or "lodestar," the starting point is the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court, in considering what constitutes a reasonable hourly rate, looks to the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "relevant community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). The relevant community here is the Fresno Division of the Eastern District of California.

In the Fresno Division of the Eastern District of California, attorneys with twenty or more years of experience are awarded $350.00 to $400.00 per hour. *Sream, Inc. v. Singh*, No. 1:18-cv-00987-DAD-BAM, 2018 WL 5819455, at *10 (E.D. Cal. Nov. 5, 2018), report and recommendation adopted, No. 1:18-cv-00987-DAD-BAM, 2019 WL 2160358 (E.D. Cal. Feb. 13, 2019) (collecting cases). Generally, "$300 is the upper range for competent attorneys with approximately a decade of experience." *Id.* (citation omitted). For attorneys with "less than ten years of experience ... the accepted range is between $175 and $300 per hour." *Id.* (citation omitted). Finally, the current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience. *Id.* (citation omitted).

Here, Plaintiff requests a total of $13,469.50 for attorneys' fees incurred in prosecuting this case and for enforcing the judgment. (Doc. No. 32 at 2.) These fees consist of 9.7 hours of work at $350.00 per hour by attorney Kurt F. Vote ($3,395.00), 5.8 hours of work at $240.00 per hour performed by attorney Steven K. Vote ($1,392.00), and 28.3 hours of work at $150.00 per hour performed by paralegal Sherri L. Large ($4,245.00). (Doc. No. 32-1 at 4-5.) Plaintiff also seeks anticipated fees for appearance at the hearing on the instant motion ($737.50) and for future enforcement of the judgment ($3,700.00). (*Id.* at 5.)

### A. Reasonable Hourly Rates

With respect to attorney Kurt F. Vote, the court finds that the requested $350.00 rate is a reasonable hourly rate within the Fresno Division of the Eastern District of California given Mr. Vote's more than twenty years of experience. *See, e.g.*, *Avila v. Cold Spring Granite Co.*, No. 116CV001533AWISKO, 2018 WL 400315, at *10 (E.D. Cal. Jan. 12, 2018) (finding the hourly rate for competent and experienced attorneys in the Fresno Division of the Eastern District is between $250 and $400, "with the highest rates generally reserved for those attorneys who are regarded as competent and reputable and who possess in excess of 20 years of experience.") (citation omitted); *Phillips 66 Co. v. California Pride, Inc.*, No. 1:16-cv-01102-LJO-SKO, 2017 WL 2875736, at *16 (E.D. Cal. July 6, 2017), report and recommendation adopted, No. 1:16-cv-01102-LJO-SKO, 2017 WL 3382974 (E.D. Cal. Aug. 7, 2017) (finding an hourly rate of $400 reasonable for attorney with twenty years of relevant experience).

With respect to attorney Steven K. Vote, who graduated from law school in 2015, the Court finds that the requested rate of $240.00 is not a reasonable hourly rate given his approximately four years of experience. The Court therefore concludes that an adjustment of Mr. Steven K. Vote's rate to $175.00 per hour is appropriate. *See Self v. FCA US LLC*, No. 1:17-cv-01107-SKO, 2019 WL 1994459, at *6 (E.D. Cal. May 6, 2019) (adjusting hourly rate of counsel who began practicing law in 2012 to $225 and adjusting hourly rates of attorneys who began practicing law in 2016 and 2018 to $175); *see also Hall v. FCA US LLC*, No. 1:16-cv-0684-JLT, 2018 WL 2298431, at *7 (E.D. Cal. May 21, 2018) (adjusting rates for counsel who began practicing law between 2011 and 2013 to $225); *Garcia v. FCA US LLC*, 2018 WL 1184949, at

4

*6 (E.D. Cal. Mar. 7, 2018) (adjusting rates for counsel who had been in practice "for less than five years" to $175).

With respect to Ms. Large, who is described only as a paralegal, the Court finds that the requested rate of $150.00 is not a reasonable hourly rate. Plaintiff's counsel fails to identify the education and experience of Ms. Large to justify the upper rate of $150. Given the lack of supporting information, the Court finds that an adjusted hourly rate of $100 is appropriate. *Mora v. Cal W. Ag Servs., Inc*., No. 1:15-cv-01490-LJO-EPG, 2019 WL 2084725, at *9 (E.D. Cal. May 13, 2019) (applying adjusted rate for paralegals of $100 per hour where counsel failed to provide information regarding the years and experience of those paralegals).

### B.  Reasonable Hours Expended

According to the billing records and declaration of counsel, Mr. Kurt K. Vote has expended 9.7 hours of work, Mr. Steven K. Vote has expended 5.8 hours of work, and Ms. Large has expended 28.3 hours of work. (Doc. No. 32-2, Declaration of Kurt F. Vote at ¶¶ 5-6 and Exhibit B.) The Court finds these hours reasonable for initiating and prosecuting this action, including work on enforcement of the judgment.

The Court finds that the $737.50 in anticipated fees for appearance at the hearing on the instant motion and the $3,700.00 in anticipated fees for future enforcement of the judgment should not be awarded. The motion was taken under submission and required no hearing. Further, there is no documentation or explanation regarding time that would be spent enforcing the judgment, and the Court declines to speculate as to the actual time that will be spent. Accordingly, the Court will recommend that the calculation of attorneys' fees exclude $4,437.50 for speculative and unsupported time.

### C.  Calculation of Hours

With the time and rates discussed above, the Court recommends that the lodestar amount of $7,240.00 be awarded. This amount accounts for 9.7 hours of work at $350.00 per hour by attorney Kurt F. Vote ($3,395.00), 5.8 hours of work at $175.00 per hour performed by attorney Steven K. Vote ($1,015.00), and 28.3 hours of work at $100.00 per hour performed by paralegal Sherri L. Large ($2,830.00).

**CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for attorneys' fees be granted in the modified amount of $7,240.00.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 13, 2019**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE