UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRESHKO PRODUCE SERVICES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WRITE ON MARKETING, INC., a Wyoming corporation; JOSE SALAZAR, an individual; ARNULFO DIAZ, an individual; and RUDY GOMEZ BRAVO, an individual,<br><br>Defendants. | No. 1:18-cv-01703-DAD-BAM<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES</u><br><br>(Doc. Nos. 30, 32, 37) |

Plaintiff Freshko Produce Services, Inc. filed a motion for attorneys' fees. (Doc. Nos. 30, 32.) The motion was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. No. 35.)

On August 13, 2019, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for attorneys' fees be granted in the modified amount of $7,240.00. (Doc. No. 37.) The findings and recommendations were served on the parties in this action and contained notice that any objections thereto must be filed within (14) fourteen days after service of the order. No objections have been filed and the time in which to do so has now passed.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court finds that the findings and recommendations are supported by the record and proper analysis.[1]

Accordingly,

1. The findings and recommendations issued on August 13, 2019 (Doc. No. 37) are adopted in full;
2. Plaintiff's motion for attorneys' fees is granted in the modified amount of $7,240.00; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 22, 2019**

<u>    Dale A. Drozd    </u>
UNITED STATES DISTRICT JUDGE

---

[1] The court recognizes that judges in the Eastern District of California frequently distinguish between the Fresno and Sacramento communities in determining hourly rates. The general rule for awarding attorneys' fee rates, however, is that "the rates of attorneys practicing in the ***forum district***" are used. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (emphasis added). The ultimate task of the court is to discern the "prevailing market rates in the relevant community." *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). District wide rates should guide the court's award of attorney's fees in cases originating in Fresno, particularly in specialized fields of litigation. *See, e.g.*, *Gonzalez*, 729 F.3d at 1206 (noting the appropriate rate was "the market rate prevailing in the Central District of California"); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (using the Northern District of California as the relevant legal community); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (same); *Davis v. Mason Cty.*, 927 F.2d 1473, 1488 (9th Cir. 1991) (using the Western District of Washington as the relevant local community), *overruled on other grounds as recognized in Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992). The court also notes that this is not a district court with separate divisions, as many are, but rather is a single district sitting in designated locations for venue purposes. *See* E.D. Cal. L.R. 120. Any perceived differences in hourly rates between Fresno and Sacramento does not appear to have played a role in the rate determination set forth in the pending findings and recommendations.